UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN BRENDE, | 4:25-CV-04258-ECS |
| Petitioner, | |
| vs. | OPINION AND ORDER DISMISSING PETITION FOR WRIT OF ERROR CORAM NOBIS |
| THE DISTRICT COURT JUDGE, | |
| Respondent. | |

Petitioner Steven Allen Brende, an inmate at Mike Durfee State Prison, filed a petition for writ of error coram nobis under 28 U.S.C. § 1651. Doc. 1. Brende filed a motion for leave to proceed in forma pauperis and provided the Court with his prisoner trust account report. Docs. 3, 4.

## I.     Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Here, it is necessary to determine whether the petition for writ of coram nobis is considered a "civil action" to which the filing fees of the PLRA apply. "As applied in criminal cases, *coram nobis* is a step in the criminal case and not[] . . . the beginning of a separate civil proceeding. . . . This motion is of the same general character as one under 28 U.S.C. § 2255.'" Baranski v. United States, 880 F.3d 951, 954 (8th Cir. 2018) (citation modified). Therefore, courts in the Eighth Circuit have found that petitions for writ of coram nobis are not civil actions for purposes of the PLRA, and, therefore, that the filing fee provisions do not apply. See Whitehouse v. United States, No. 4:24CV3137, 2024 WL 5247760, at *2 n.1

(D. Neb. Dec. 30, 2024) (denying petitioner's motion for leave to proceed in forma pauperis as moot because a coram nobis petition is not a civil action for purposes of the PLRA); Valentine v. United States, No. 4:24-CV-00268-MTS, 2024 WL 3202176, at *1 (E.D. Mo. June 26, 2024) (noting that the court has previously "found that no filing fee applies to a petition for writ of error coram nobis" and denying petitioner's application to proceed without prepayment of fees as moot). Because the Court will not require a filing fee due to the inapplicability of the PLRA to Brende's petition, Brende's motion for leave to proceed in forma pauperis, Doc. 3, is denied as moot.

## II.    Discussion

"In United States v. Morgan, the Supreme Court held a writ of coram nobis may be used to correct errors that occurred during the course of a criminal proceeding, *but only in the court of conviction as part of the original criminal case*." Whitehouse, 2024 WL 5247760, at *1 (emphasis in original) (citing United States v. Morgan, 346 U.S. 502, 505–11 (1954)). Brende requests "the setting aside of the judgment of conviction[1] and granting of a new trial or Mistrial[,]" but does not provide that he was convicted in a federal court. Doc. 1 at 1. Indeed, a search for Brende on Public Access to Court Electronic Records (PACER) provides that Brende has had no criminal case in federal court.[2] Because "a defendant may seek coram nobis relief

---

[1] Brende references two charges: "felony Rape in the First Degree 50 year sentence" and "Sexual Contact[.]" Doc. 1 at 1. He also states that "count 2 was overturn [sic]" and that he was "[a]cquittal [sic] of that felony rape 1st degree on count (2) an 50 year sentence[.]" Id. But a search of Brende on the South Dakota Department of Corrections Offender Locator shows that Brende was sentenced on July 9, 2012, in Minnehaha County, for rape in the first degree and sexual contact with a child under 16. See Offender Locator, South Dakota Department of Corrections, https://docadultlookup.sd.gov/adult/lookup/details/?id=3iNxaCvgrUU= (last visited Feb. 9, 2026).

[2] Brende has filed three habeas petitions seeking to challenge his state-court conviction for first-degree rape. See Brende v. Young, No. 4:16-CV-4084-KES (D.S.D. June 15, 2016) (after the petition was denied on the merits, a certificate of appealability was issued, and the Eighth Circuit

2

only from the court that rendered the judgment, Trackwell v. Nebraska, 126 F. App'x 336, 337

(8th Cir. 2005) (per curiam) (unpublished), Brende may not challenge his state criminal

conviction with a petition for writ of error coram nobis in federal court.  See also Borrero v.

United States, No. 08-315(DSD/FLN), 2008 WL 2357834, at *3 (D. Minn. June 5, 2008)

(collecting cases); Menchaca v. Nebraska, No. 8:18CV193, 2018 WL 3009118, at *1 (D. Neb.

June 15, 2018).  Further, "a writ of coram nobis is available only for individuals who are

challenging a conviction or sentence *for which they are no longer in custody*."  Borrero, 2008

WL 2357834, at *3 (emphasis in original) (collecting cases).  But Brende remains in state

custody at Mike Durfee State Prison.[3]  Therefore, Brende's petition for writ of error coram nobis

is denied and dismissed with prejudice.

Accordingly, it is

ORDERED that Brende's motion for leave to proceed in forma pauperis, Doc. 3, is denied

as moot.  It is further

ORDERED that Brende's petition for writ of error coram nobis, Doc. 1, is denied and

dismissed with prejudice.

DATED February _12_, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

affirmed the court's dismissal of the petition with prejudice); Brende v. Warden, Mike Durfee
State Prison, No. 4:23-CV-4055-KES (D.S.D. Apr. 17, 2023) (dismissing the petition as a second
or successive habeas petition); Brende v. Minnehaha Cnty., No. 4:25-CV-04078-KES (D.S.D.
May 16, 2025) (dismissing the petition as a second or successive habeas petition).
[3] See Offender Locator, South Dakota Department of Corrections,
https://docadultlookup.sd.gov/adult/lookup/details/?id=3iNxaCvgrUU=  (last visited Feb. 9,
2026).